**RECORD NO. 15-5025**

ORAL ARGUMENT HAS NOT YET BEEN SCHEDULED

In The

# United States Court of Appeals
### For The District of Columbia Circuit


## MOHAMED TAWHID AL-SAFFY,

*Plaintiff – Appellant,*

**v.**


## THOMAS J. VILSACK, in his official capacity as Secretary, U.S. Dept. of Agriculture; JOHN F. KERRY, in his official capacity as Secretary of State,

*Defendants – Appellees.*


## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

————————————

## BRIEF OF APPELLANT

————————————

Alan Lescht
ALAN LESCHT & ASSOCIATES, P.C.
1050 17th Street, N.W., Suite 400
Washington, D.C.  20036
(202) 463-6036

*Counsel for Appellant*

## CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES

### I.  Parties

The Appellant is Mohamed Tawhid Al-Saffy who was the Plaintiff in the District Court.

The Appellees are Thomas J. Vilsack, in his official capacity as Secretary, U.S. Department of Agriculture and John F. Kerry, in his official capacity as Secretary of State who were the Defendants below.

There are no amicus curiae.

### II.   Rulings Under Review

The rulings under review are the Memorandum Opinion and Order of Richard J. Leon dated July 22, 2014 and filed on July 23, 2014 granting summary judgment in favor of the defendants and the Order of Richard J. Leon dated January 20, 2015 denying plaintiff's motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).

### III.  Related cases

This case has not previously been before this Court and there are no currently pending related cases.

# **<u>TABLE OF CONTENTS</u>**

<u>Page</u>

CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES ...............i

TABLE OF CONTENTS ........................................................... ii

TABLE OF AUTHORITIES ....................................................iv

JURISDICTIONAL STATEMENT .........................................1

STATEMENT OF THE ISSUES ...........................................1

STATUTES AND REGULATIONS .........................................2

STATEMENT OF THE CASE.................................................8

    Appellant's EEO Complaints Against USDA................................8

    Appellant's EEO Complaint Against State ...................................10

SUMMARY OF THE ARGUMENT ......................................11

ARGUMENT ...................................................................12

    I.    Appellant's Lawsuit Against USDA was Timely Filed......................13

        1.    The transmittal orders were not decisions on the merits ..........14

        2.    The transmittal orders did not advise Appellant of his rights........................................................................17

        3.    USDA issued a final agency decision after Appellant filed suit in federal court ..........................................19

        4.    Appellees have not suffered any prejudice ...............................20

        5.    The cases cited by Appellees are distinguishable....................20

II.    Appellant is not Barred from Suing State ...........................................21

III.   Appellant Complied with the Administrative Time Limits for
       Contacting State's EEO Office ...........................................................22

CONCLUSION ...................................................................................................23

CERTIFICATE OF COMPLIANCE....................................................................24

CERTIFICATE OF FILING AND SERVICE .....................................................25

## <u>TABLE OF AUTHORITIES</u>

**<u>Page(s)</u>**

### <u>CASES</u>

*Aka v. Washington Hosp. Ctr.*,
    156 F.3d 1284 (D.C. Cir. 1998)....................................................................13

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)....................................................................................12

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)....................................................................................13

*Colantuoni v. Office of Personnel Management*,
    EEOC Request No. 05950136 (Sept. 14, 1995)...........................................22

*Czekalski v. Peters*,
    475 F.3d 360 (D.C. Cir. 2007)...............................................................12, 13

*Gadson v. Dept. of Treasury*,
    EEOC Appeal No. 01972092 (January 27, 2000) ................................... 21-22

*Harris v. Attorney General of the United States*,
    657 F. Supp. 1 (D.D.C. 2009)....................................................................22

*Horvath v. Office of Personnel Management*,
    Appeal No. 01956761 (October 25, 1996) ...................................................22

*Hunter v. Keisler*,
    2007 U.S. Dist. LEXIS 79858 (D.N.J. Oct. 26, 2007) .................................15

*Laudadio v. Johanns*,
    677 F. Supp. 2d 590 (E.D.N.Y. 2010)........................................14, 15, 16, 19

*Chief Authorities are Designated by an Asterisk*

*Melson v. Salazar*,
> 598 F. Supp. 2d 71 (D.D.C. 2009), *aff'd*,
> 377 Fed. Appx. 30 (D.C. Cir. 2010) ............................................................21

*\*Moncus v. Johanns*,
> 2006 U.S. Dist. LEXIS 4648 (M.D. Ala. January 20, 2006) ........................18

*Reeves v. Sanderson Plumbing Prods.*,
> 530 U.S. 133 (2000)......................................................................................13

*\*Rutherford v. Dept. of State*,
> EEOC Appeal No. 0120091564 (July 24, 2009)...........................................21

*\*Staropoli v. Donahoe*,
> 786 F. Supp. 2d 384 (D.D.C. 2011)........................................................17, 21

*Waterhouse v. District of Columbia*,
> 298 F.3d 989 (D.C. Cir. 2002)......................................................................12

*Wiley v. Johnson*,
> 436 F. Supp. 2d 91 (D.D.C. 2006)...........................................................20, 21

*\*Wilson v. Pena*,
> 79 F.3d 154 (D.C. Cir. 1996).........................................................................17

## STATUTES

28 U.S.C. § 1291 ..................................................................................................1

28 U.S.C. § 1331 ..................................................................................................1

28 U.S.C. § 636(c)(3)..........................................................................................12

42 U.S.C. § 2000e-16(c) ............................................................................2, 13, 16

## RULE

Fed. R. Civ. P. 56(c)............................................................................................12

## **REGULATIONS**

29 C.F.R. § 1614.106(a)................................................................2, 3, 12, 21

29 C.F.R. § 1614.107(a)(3) ...................................................................3, 20

29 C.F.R. § 1614.109 .............................................................................3, 20

29 C.F.R. § 1614.109(i) .............................................................1, 14, 16, 18, 19

29 C.F.R. § 1614.110 ......................................................................2, 7, 14, 17

29 C.F.R. § 1614.110(a) ................................................................ 1, 2, 14, 15-16

29 C.F.R. § 1614.110(b) ....................................................................9, 15, 20

29 C.F.R. § 1614.407 .......................................................................8, 13, 16

## **OTHER AUTHORITY**

EEOC MD-110, Chapter 9, Section II (a)(1)(b) .........................................19

## JURISDICTIONAL STATEMENT

The United States District Court had jurisdiction of this case pursuant to 28 U.S.C. § 1331 because this case arises under federal law.

This Court has jurisdiction of the instant appeal pursuant to 28 U.S.C. § 1291, as the decision appealed from is a final order by the United States District Court for the District of Columbia, entered January 20, 2015.  Appellant timely filed his notice of appeal on January 22, 2015.

## STATEMENT OF THE ISSUES

The issues to be determined on this appeal are:

1.      Whether the District Court erred when it dismissed Appellant's complaints against the Department of Agriculture.

2.      Whether the regulation the District Court relied upon, 29 C.F.R. § 1614.109(i), is inapplicable because there was no decision by an administrative judge on the merits of Appellant's complaints.

3.      Whether the Orders from the administrative judges were merely responses to Appellant's request to withdraw his request for an EEOC hearing and therefore did not trigger the 40-day time period for the agency to issue its final order in accordance with 29 C.F.R. § 1614.110(a) or start Appellant's appeal clock.

4.      Whether the Orders from the administrative judges did not trigger the 40-day time period for the agency to issue its final order in accordance with 29 C.F.R.

§ 1614.110(a) or start Appellant's appeal clock because they did not provide Appellant with notice of appeal rights or the time to file in federal court as required by 29 C.F.R. § 1614.110.

5.      Whether the Orders from the administrative judges were not final actions by the agency because the Department of Agriculture issued a final decision in response to the judges' orders on February 12, 2014.

6.      Whether the District Court erred when it dismissed Appellant's complaint against the Department of State.

7.      Whether either Title VII or 29 C.F.R. § 1614.106(a) require a plaintiff to be employed by the discriminating agency.

8.      Whether Appellant's status with respect to the Department of State was similar to that of an independent contractor.

9.      Whether Appellant complied with the administrative time limits for contacting the Department of State's EEO office.

## **STATUTES AND REGULATIONS**

**42 U.S.C. § 2000e-16(c)**

§ 2000e-16.  Employment by Federal Government

    (c) Civil action by employee or applicant for employment for redress of grievances; time for bringing of action; head of department, agency, or unit as defendant.  Within 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection 717(a) [subsec. (a) of this section], or by the Civil Service Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based

2

on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, Executive Order 11478 [*42 USCS § 2000e* note] or any succeeding Executive orders, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Civil Service Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 706 [*42 USCS § 2000e-5*], in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

## 29 C.F.R. § 1614.106(a)

§ 1614.106 Individual complaints.

(a) A complaint must be filed with the agency that allegedly discriminated against the complainant.

## 29 C.F.R. § 1614.107(a)(3)

§ 1614.107 Dismissals of complaints.

(a) Prior to a request for a hearing in a case, the agency shall dismiss an entire complaint:

(3) That is the basis of a pending civil action in a United States District Court in which the complainant is a party provided that at least 180 days have passed since the filing of the administrative complaint, or that was the basis of a civil action decided by a United States District Court in which the complainant was a party;

## 29 C.F.R. § 1614.109

§ 1614.109 Hearings.

(a) When a complainant requests a hearing, the Commission shall appoint an administrative judge to conduct a hearing in accordance with this section. Upon appointment, the administrative judge shall assume full responsibility for the adjudication of the complaint, including overseeing the development of the record.

Any hearing will be conducted by an administrative judge or hearing examiner with appropriate security clearances.

(b) Dismissals. Administrative judges may dismiss complaints pursuant to § 1614.107, on their own initiative, after notice to the parties, or upon an agency's motion to dismiss a complaint.

(c) Offer of resolution. (1) Any time after the filing of the written complaint but not later than the date an administrative judge is appointed to conduct a hearing, the agency may make an offer of resolution to a complainant who is represented by an attorney.

(2) Any time after the parties have received notice that an administrative judge has been appointed to conduct a hearing, but not later than 30 days prior to the hearing, the agency may make an offer of resolution to the complainant, whether represented by an attorney or not.

(3) The offer of resolution shall be in writing and shall include a notice explaining the possible consequences of failing to accept the offer. The agency's offer, to be effective, must include attorney's fees and costs and must specify any non-monetary relief. With regard to monetary relief, an agency may make a lump sum offer covering all forms of monetary liability, or it may itemize the amounts and types of monetary relief being offered. The complainant shall have 30 days from receipt of the offer of resolution to accept it. If the complainant fails to accept an offer of resolution and the relief awarded in the administrative judge's decision, the agency's final decision, or the Commission decision on appeal is not more favorable than the offer, then, except where the interest of justice would not be served, the complainant shall not receive payment from the agency of attorney's fees or costs incurred after the expiration of the 30-day acceptance period. An acceptance of an offer must be in writing and will be timely if postmarked or received within the 30-day period. Where a complainant fails to accept an offer of resolution, an agency may make other offers of resolution and either party may seek to negotiate a settlement of the complaint at any time.

(d) Discovery. The administrative judge shall notify the parties of the right to seek discovery prior to the hearing and may issue such discovery orders as are appropriate. Unless the parties agree in writing concerning the methods and scope of discovery, the party seeking discovery shall request authorization from the administrative judge prior to commencing discovery. Both parties are entitled to reasonable development of evidence on matters relevant to the issues raised in the complaint, but the administrative judge may limit the quantity and timing of discovery. Evidence may be developed through interrogatories, depositions, and requests for admissions, stipulations or production of documents. It shall be grounds for objection to producing evidence that the information sought by either party is irrelevant, overburdensome, repetitious, or privileged.

4

(e) Conduct of hearing. Agencies shall provide for the attendance at a hearing of all employees approved as witnesses by an administrative judge. Attendance at hearings will be limited to persons determined by the administrative judge to have direct knowledge relating to the complaint. Hearings are part of the investigative process and are thus closed to the public. The administrative judge shall have the power to regulate the conduct of a hearing, limit the number of witnesses where testimony would be repetitious, and exclude any person from the hearing for contumacious conduct or misbehavior that obstructs the hearing. The administrative judge shall receive into evidence information or documents relevant to the complaint. Rules of evidence shall not be applied strictly, but the administrative judge shall exclude irrelevant or repetitious evidence. The administrative judge or the Commission may refer to the Disciplinary Committee of the appropriate Bar Association any attorney or, upon reasonable notice and an opportunity to be heard, suspend or disqualify from representing complainants or agencies in EEOC hearings any representative who refuses to follow the orders of an administrative judge, or who otherwise engages in improper conduct.

(f) Procedures.

(1) The complainant, an agency, and any employee of a federal agency shall produce such documentary and testimonial evidence as the administrative judge deems necessary. The administrative judge shall serve all orders to produce evidence on both parties.

(2) Administrative judges are authorized to administer oaths. Statements of witnesses shall be made under oath or affirmation or, alternatively, by written statement under penalty of perjury.

(3) When the complainant, or the agency against which a complaint is filed, or its employees fail without good cause shown to respond fully and in timely fashion to an order of an administrative judge, or requests for the investigative file, for documents, records, comparative data, statistics, affidavits, or the attendance of witness(es), the administrative judge shall, in appropriate circumstances:

(i) Draw an adverse inference that the requested information, or the testimony of the requested witness, would have reflected unfavorably on the party refusing to provide the requested information;

(ii) Consider the matters to which the requested information or testimony pertains to be established in favor of the opposing party;

(iii) Exclude other evidence offered by the party failing to produce the requested information or witness;

(iv) Issue a decision fully or partially in favor of the opposing party; or

(v) Take such other actions as appropriate.

(g) Summary Judgment.

(1) If a party believes that some or all material facts are not in genuine dispute and there is no genuine issue as to credibility, the party may, at least 15 days prior to the date of the hearing or at such earlier time as required by the administrative judge, file a statement with the administrative judge prior to the hearing setting forth the fact or facts and referring to the parts of the record relied on to support the statement. The statement must demonstrate that there is no genuine issue as to any such material fact. The party shall serve the statement on the opposing party.

(2) The opposing party may file an opposition within 15 days of receipt of the statement in paragraph (d)(1) of this section. The opposition may refer to the record in the case to rebut the statement that a fact is not in dispute or may file an affidavit stating that the party cannot, for reasons stated, present facts to oppose the request. After considering the submissions, the administrative judge may order that discovery be permitted on the fact or facts involved, limit the hearing to the issues remaining in dispute, issue a decision without a hearing or make such other ruling as is appropriate.

(3) If the administrative judge determines upon his or her own initiative that some or all facts are not in genuine dispute, he or she may, after giving notice to the parties and providing them an opportunity to respond in writing within 15 calendar days, issue an order limiting the scope of the hearing or issue a decision without holding a hearing.

(h) Record of hearing. The hearing shall be recorded and the agency shall arrange and pay for verbatim transcripts. All documents submitted to, and accepted by, the administrative judge at the hearing shall be made part of the record of the hearing. If the agency submits a document that is accepted, it shall furnish a copy of the document to the complainant. If the complainant submits a document that is accepted, the administrative judge shall make the document available to the agency representative for reproduction.

(i) Decisions by administrative judges. Unless the administrative judge makes a written determination that good cause exists for extending the time for issuing a decision, an administrative judge shall issue a decision on the complaint, and shall order appropriate remedies and relief where discrimination is found, within 180 days of receipt by the administrative judge of the complaint file from the agency. The administrative judge shall send copies of the hearing record, including the transcript, and the decision to the parties. If an agency does not issue a final order within 40 days of receipt of the administrative judge's decision in accordance with 1614.110, then the decision of the administrative judge shall become the final action of the agency.

**29 C.F.R. § 1614.110**

§ 1614.110 Final action by agencies.

(a) Final action by an agency following a decision by an administrative judge. When an administrative judge has issued a decision under § 1614.109(b), (g) or (i), the agency shall take final action on the complaint by issuing a final order within 40 days of receipt of the hearing file and the administrative judge's decision. The final order shall notify the complainant whether or not the agency will fully implement the decision of the administrative judge and shall contain notice of the complainant's right to appeal to the Equal Employment Opportunity Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for appeals and lawsuits. If the final order does not fully implement the decision of the administrative judge, then the agency shall simultaneously file an appeal in accordance with § 1614.403 and append a copy of the appeal to the final order. A copy of EEOC Form 573 shall be attached to the final order.

(b) Final action by an agency in all other circumstances. When an agency dismisses an entire complaint under § 1614.107, receives a request for an immediate final decision or does not receive a reply to the notice issued under § 1614.108(f), the agency shall take final action by issuing a final decision. The final decision shall consist of findings by the agency on the merits of each issue in the complaint, or, as appropriate, the rationale for dismissing any claims in the complaint and, when discrimination is found, appropriate remedies and relief in accordance with subpart E of this part. The agency shall issue the final decision within 60 days of receiving notification that a complainant has requested an immediate decision from the agency, or within 60 days of the end of the 30-day period for the complainant to request a hearing or an immediate final decision where the complainant has not requested either a hearing or a decision. The final action shall contain notice of the right to appeal the final action to the Equal Employment Opportunity Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for appeals and lawsuits. A copy of EEOC Form 573 shall be attached to the final action.

**29 C.F.R. § 1614.407**

§ 1614.407 Civil action: Title VII, Age Discrimination in Employment Act and Rehabilitation Act.

A complainant who has filed an individual complaint, an agent who has filed a class complaint or a claimant who has filed a claim for individual relief pursuant to a class complaint is authorized under title VII, the ADEA and the Rehabilitation Act to file a civil action in an appropriate United States District Court:
(a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed;
(b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and a final action has not been taken;
(c) Within 90 days of receipt of the Commission's final decision on an appeal; or
(d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

## STATEMENT OF THE CASE

Appellant has been employed by USDA since December 2001. JA 6, Compl.

¶ 7. Appellant filed three EEO complaints against USDA and one EEO complaint

against State. JA 6, Compl. ¶¶ 13, 14, 34-36, 52-55, 68-70.

### Appellant's EEO Complaints Against USDA

Appellant withdrew his first EEO complaint against USDA. JA 6, Compl.

¶ 14.  Appellant included information regarding his first EEO complaint in his

lawsuit as background evidence only.

Appellant's second EEO complaint against USDA, USDA Complaint No.

FAS-2010-00948, was assigned to Administrative Judge Kathryn Brown in or

about February 2012. JA 20, Defs' MTD at 4.  On March 29, 2013, Appellant

advised Judge Brown that he was withdrawing his request for hearing and would

be filing a complaint in federal district court. JA 96, Letter dated March 29, 2013.

On April 30, 2013, Judge Brown issued an order dismissing the hearing request

and directing USDA to issue a final decision in accordance with the procedures set

forth at 29 C.F.R. § 1614.110(b) (2012). The order did not provide a time frame for

Appellant to file a complaint in federal court.  JA 97, Order dated April 30, 2013.

At the time Appellant filed his lawsuit, USDA had not yet issued a final decision

on Appellant's second EEO complaint. JA 20, Defs' MTD at 4.

　　　Appellant requested that his third EEO complaint against USDA, USDA

Complaint No. FAS-2012-00399, be assigned to an administrative judge, but as of

March 29, 2013, no assignment had been made.  On March 29, 2013, Appellant

advised the Equal Employment Opportunity Commission, Washington Field

Office, that he was withdrawing his request for hearing and would be filing a

complaint in federal district court.  JA 94, Letter dated March 29, 2013.  On April

3, 2013, Supervisory Administrative Judge Gladys O. Collazo, issued an Order of

Dismissal pursuant to Appellant's March 29, 2013 letter.  The order did not

provide a time frame for Appellant to file a complaint in federal court.  JA 93,

Order dated April 3, 2013.  At the time Appellant filed his lawsuit, USDA had not

yet issued a final decision on Appellant's third EEO complaint.  JA 20, Defs' MTD

at 5.

On February 12, 2014, USDA issued a final agency decision. JA 99, USDA

Final Agency Decision. The final agency decision references USDA Complaint

No. FAS-2010-00948 (Appellant's second EEO complaint), and lists the issues

from USDA Complaint No. FAS-2012-00399 (Appellant's third EEO complaint).

The decision provides appeal rights to the EEOC as well as the time to file a civil

action in federal district court.

## Appellant's EEO Complaint Against State

Although Appellant was never employed by State, when he served as

Director for the Riyadh, Saudi Arabia and Yemen Agricultural Trade Offices, he

reported directly to the U.S. Ambassadors to Saudi Arabia and Yemen who are

State employees and functioned as a member of their staffs. JA 107 and 109, letters

from Secretary Thomas J. Vilsack to Ambassadors David H. Rundell and Stephen

Seche.

On or about February 21, 2013, Appellant received affidavits from State

employees Angie Bryan and Ambassador Seche. JA 6, Compl. ¶¶ 61-62.

Ambassador Seche's affidavit states "I became convinced that Dr. Al-Saffy's style

and manner of interacting with our LE Staff and embassy personnel had become so

disruptive and unhelpful that a reassignment of the ATO to another post was the

best outcome for all." JA 48, Seche Affidavit. Ms. Bryan's affidavit states, "the

disruptive situation [Appellant] caused in Yemen could not be countenanced by

myself or the Ambassador and for that reason we advocated for a reassignment of coverage." JA 50, Bryan Affidavit.

On or about April 7, 2013, Appellant contacted State's EEO office regarding his complaint of discrimination and retaliation based on information he learned from the affidavits he received on February 21, 2013. JA 20, Compl. ¶¶ 63-68. On October 1, 2013, State issued a final decision dismissing Appellant's EEO complaint in its entirety. JA 86, State's final decision.

## SUMMARY OF THE ARGUMENT

The District Court erred when it dismissed Appellant's complaints against USDA and State.

With regard to Appellant's complaints against USDA, the District Court erred when it concluded that transmittal orders from two administrative judges became the final agency actions for purposes of triggering the statute of limitations for Appellant to file suit in federal court even though (1) these orders did not provide a decision on the merits of the Appellant's cases; (2) these orders contained no notice of the statute of limitations for appeals and civil lawsuits; and (3) subsequent to Appellant filing suit in federal court, USDA issued a final agency decision in both cases and provided the required statute of limitations notice.

With regard to Appellant's complaint against State, the District Court erred when it concluded that Appellant could not file a complaint against State because

Appellant was not employed by State even though neither Title VII nor 29 C.F.R. § 1614.106(a) require a plaintiff to be employed by the discriminating agency and Appellant's status with respect to State was similar to that of an independent contractor. The District Court also erred when it found that Appellant's contact with State's EEO office was untimely when Appellant did not learn of the conduct forming the basis of his complaint until he received affidavits of State Department employees on February 21, 2013, which was within the 45 day period for contacting State's EEO office.

## **ARGUMENT**

This Court reviews a grant of summary judgment *de novo*. *Czekalski v. Peters*, 475 F.3d 360, 362-63 (D.C. Cir. 2007); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002); *see* 28 U.S.C. § 636(c)(3). Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *Anderson*, 477 U.S. at 248, and a moving party is entitled to judgment as a matter of law only if the nonmoving party "fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the

burden of proof at trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the evidence in the light most favorable to the nonmoving party (here, Dr. Al-Saffy), draw all reasonable inferences in his favor, and eschew making credibility determinations or weighing the evidence. *Czekalski*, 475 F.3d at 363; *see Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133 (2000); *Aka v. Washington Hosp. Ctr.*, 156 F.3d 1284, 1288 (D.C. Cir. 1998) (en banc).

## I.    Appellant's Lawsuit Against USDA was Timely Filed

Under 42 U.S.C. § 2000e-16(c) and 29 C.F.R. § 1614.407, federal employees have 90 days after receipt of the final action by the agency to file a lawsuit in federal court. However, if no final action has been taken, federal employees may file a civil action at any time after 180 days from the date of filing their complaint.

At the time Appellant filed his lawsuit, USDA had not issued a final agency decision on either his second or third EEO complaints. Therefore, Appellant's lawsuit against USDA was timely filed.

USDA's argument that the transmittal orders issued by Judges Brown and Collazo became the final actions of the agency for purposes of triggering the statute of limitations for Appellant to file suit in federal court should be rejected. These orders did not provide a decision on the merits of Appellant's cases, contained no notice of the statute of limitations for appeals and civil lawsuits and,

13

subsequent to Appellant filing suit in federal court, USDA issued a final agency

decision combining both cases and providing the required notice of the statute of

limitations, thereby negating its claim that Judges Brown and Collazo's orders had

become the final actions of the agency.

      1.    <u>The transmittal orders were not decisions on the merits.</u>

The orders of Judges Brown and Collazo could not become the final

actions of the agency because they were not decisions on the merits. 29 C.F.R.

§ 1614.110(a) provides that after the administrative judge issues a decision, the

agency shall take final action on the complaint by issuing a final order within 40

days of receipt.  That regulation also provides that the agency's final order shall

notify the complainant whether or not the agency will fully implement the decision

of the administrative judge. 29 C.F.R. § 1614.109(i) provides that if an agency

does not issue a final order within 40 days of receipt of the administrative judge's

decision in accordance with 29 C.F.R. § 1614.110, then the decision of the

administrative judge shall become the final action of the agency.

As explained by the Eastern District of New York in *Laudadio v. Johanns*,

677 F. Supp. 2d 590 (E.D.N.Y. 2010), one of the few courts to consider this issue,

"[i]mplicit in 29 C.F.R. § 1614.110(a)'s phrase 'implement the decision,' is that

the [AJ] necessarily decided a claim on the merits, whether substantively or

procedurally . . . .  In other words, the [AJ's] decision must have imposed an

obligation, denied a right, or fixed some legal relationship between the parties. Otherwise there would be nothing in the decision for the agency to 'implement.'" *Id*. at 604.

In the instant case, the administrative judges were merely responding to a request by the Appellant to withdraw his request for an EEOC hearing.  The orders do not decide the merits of his case.  When a complainant withdraws his request for an EEOC hearing, he "effectively requests an 'immediate final decision' requiring the [a]gency to issue a final decision with findings on the merits of each issue in the complaint."  *Hunter v. Keisler*, 2007 U.S. Dist. LEXIS 79858 (D.N.J. Oct. 26, 2007) at *10-11.  In fact, Judge Brown specifically ordered USDA to issue a final decision in accordance with the procedures set forth at 29 C.F.R. § 1614.110(b) (2012) absent notice that a civil action had been filed in this matter. JA 97.

29 C.F.R. § 1614.110(b) provides that when an agency receives a request for an immediate final decision, "the agency shall take final action by issuing a final decision.  The final decision shall consist of findings by the agency on the merits of each issue in the complaint, or as appropriate, the rationale for dismissing any claims in the complaint and, when discrimination is found, appropriate remedies and relief in accordance with subpart E of this part."  The *Laudadio* court explained that the language of 29 C.F.R. § 1614.110(b), similar to 29 C.F.R.

§ 1614.110(a) "necessarily implies that a final agency action must mark the end of the agency's decision-making process and ascertain with finality the parties' respective rights and obligations, yielding a determination from which legal consequences will flow." 677 F. Supp. 2d at 604.

Thus, the *Laudadio* court concluded that when an administrative judge issues a decision that does not resolve any of the disputed issues and does not impose an obligation, deny a right, or fix some legal relationship between the parties, and expressly contemplates further substantive action, that decision cannot become the final action of the agency under 29 C.F.R. § 1614.109(i) and therefore does not set the point at which the ninety-day limitation begins to accrue. *Id.* at 606.

Similarly, Judges Brown and Collazo's orders, which were issued pursuant to Appellant's letter withdrawing his request for hearing so that he could file a lawsuit in federal court, and which did not decide the merits of Appellant's EEO complaints, could not become the final actions of the agency.

USDA's argument that it would be unreasonable for Appellant's filing deadline to have never lapsed is not in accord with the regulations. As explained above, 42 U.S.C. § 2000e-16(c) and 29 C.F.R. § 1614.407, provide that if no final action has been taken, federal employees may file a civil action **at any time after 180 days from the date of filing their complaint**.

16

2.      The transmittal orders did not advise Appellant of his rights.

Second, the orders of Judges Brown and Collazo could not become final

actions by the agency because they did not advise Appellant of his rights to appeal

to the EEOC and file a civil action in federal court.  29 C.F.R. § 1614.110 requires

the complainant to be notified of his right to appeal and his right to file a civil

action in federal district court as well as the applicable time limits for appeals and

lawsuits.

In *Staropoli v. Donahoe*, 786 F. Supp. 2d 384 (D.D.C. 2011), the District

Court for the District of Columbia held that "[AJ] decisions that become final

agency actions by operation of law also must provide comparable notices in order

to trigger the applicable statutes of limitations for appeals and civil lawsuits.  It

would frustrate the very purpose of the notice regulations to hold that [AJ]

decisions may automatically trigger the statute of limitations without providing

notices equivalent to those required by § 1614.110." *Id.* at 390.  Moreover, the

court noted that this Circuit has held that the obligation to provide valid notice

"applies equally to *pro se* plaintiffs and those represented by counsel." *Id.* at 391,

citing *Wilson v. Pena*, 79 F.3d 154, 163-164 (D.C. Cir. 1996).  Thus, the *Staropoli*

court concluded that inadequate notice justified equitable tolling of the statute of

limitations. *Id.* at 392.

17

Similarly, the court in *Moncus v. Johanns*, 2006 U.S. Dist. LEXIS 4648 (M.D. Ala. January 20, 2006), held that the provision in 29 C.F.R. § 1614.109(i) that the AJ's decision becomes the final action of the agency if the agency does not issue an order within 40 days of receipt of the decision "is meant to bind the agency to the decision unless it objects within 40 days and is not intended to start the clock for plaintiff's appeal." *Id.* at * 28.  The court explained that construing §1614.109(i) to start a complainant's appeal clock without notice from the agency or the administrative judge regarding the claimant's right to appeal to the EEOC or file a civil action and the applicable time limits would be contrary to the purpose of the regulation, which clearly contemplates formal notice to the complainant of appeal procedures.  *Id.* at * 29.

Notably, the USDA's final agency decision dated February 12, 2014, provided the required notifications of Appellant's appeal rights and the time to file in federal court.  JA 99.

The agency's argument that the notice requirement would read 29 C.F.R. § 1614.109(i) out of the regulatory framework is unavailing.  Judges' decisions in administrative actions typically come with notification of the appeal deadlines as well as the deadlines for filing a civil action in federal court.  Where there is a decision on the merits, the EEOC Management Directive requires Administrative Judges to inform the complainant that the agency's failure to take final action by

18

issuing a final order within the 40-day review period will be deemed acceptance of

the Administrative Judge's decision, and that the complainant's 30-day period for

filing an appeal of the agency's final order/Administrative Judge's decision begins

at the conclusion of the agency's 40-day review period. EEOC MD-110, Chapter 9,

Section II (a)(1)(b).

      3.    <u>USDA issued a final agency decision after Appellant filed suit in federal court.</u>

USDA issued a final decision on both of Appellant's complaints on February

12, 2014, after filing its motion to dismiss claiming that the orders from Judges

Brown and Collazo were the final actions of the agency, thereby conceding that

Judges Brown and Collazo's orders had not become the final actions of the agency.

*See Laudadio v. Johanns*, 677 F. Supp. 2d 590, 605 (E.D.N.Y. 2010) (USDA's

issuance of a final agency decision undermines its argument that the AJ's order had

become the final action of the agency by operation of 29 C.F.R. § 1614.109(i)).

The fact that the February 12, 2014 final agency decision references the

complaint number from Appellant's second EEO complaint against USDA and

lists the issues from Appellant's third EEO complaint against USDA indicates that

USDA was attempting to issue a final decision on both Appellant's second and

third EEO complaints.

While USDA's final decision in this case was not a decision on the merits, it

did not have to be because by the time it was issued, Appellant had already filed

19

his lawsuit in federal court.  The final decision dismissed Appellant's complaints pursuant to 29 C.F.R. § 1614.107(a)(3) which provides that the agency shall dismiss a complaint that is the basis for a pending civil action in a United States District Court in which the Complainant is a party provided that 180 days have passed since the filing of the administrative complaint.  Notably, the final decision also provided Appellant's appeal rights and the time to file a civil action in federal court—information that was missing from the Administrative Judges' orders.

  4. <u>Appellees have not suffered any prejudice.</u>

 Appellants do not contend that they have suffered any prejudice as a result of Plaintiff filing his lawsuit on October 10, 2013 instead of August 16, 2013 or September 12, 2013, the dates when Defendants contend that Plaintiff should have filed his lawsuit in federal court on his third and second EEO complaints respectively.  JA 20.

  5. <u>The cases cited by Appellees are distinguishable.</u>

 The cases cited by Appellees are distinguishable from the instant case.  In *Wiley v. Johnson*, 436 F. Supp. 2d 91 (D.D.C. 2006), the EEOC order at issue returned the case to the agency for further processing "pursuant to 29 C.F.R. § **1614.109**."  *Id.* at 96.  By contrast, in the instant case, Judge Brown directed USDA to issue a final decision in accordance with the procedures set forth at 29 C.F.R. § **1614.110(b)**, and Judge Collazo's order does not mention any regulations.

20

In addition, USDA issued a final agency decision on February 12, 2014.  Finally, the plaintiff in *Wiley* did not argue that inadequate notice would justify equitable tolling.  *Staropoli*, 786 F. Supp. 2d at 393 n.5.

   *Melson v. Salazar*, 598 F. Supp. 2d 71 (D.D.C. 2009), *aff'd*, 377 Fed. Appx. 30 (D.C. Cir. 2010) is not controlling because in that case, the judge's order dismissed the administrative complaint **with prejudice**.  The *Melson* court determined that the plaintiff should have been on notice that the agency would not continue its investigation of his claims because his complaint was dismissed with prejudice.  *Id.* at 75.  Here, Appellant's administrative complaints were not dismissed with prejudice and USDA issued a final agency decision after Appellant filed his lawsuit in federal court.  Moreover, the plaintiff in *Melson*, like the plaintiff in *Wiley*, did not argue that inadequate notice would justify equitable tolling.

## II.    Appellant is not Barred from Suing State

   29 C.F.R. § 1614.106(a) provides that a complainant must file a complaint with the agency that allegedly discriminated against him.  There is no requirement that the complainant be employed by the discriminating agency.  *See Rutherford v. Dept. of State*, EEOC Appeal No. 0120091564 (July 24, 2009) (agency that allegedly discriminated need not be the agency that employed the complainant at the time the complaint was filed); *Gadson v. Dept. of Treasury*, EEOC Appeal No.

01972092 (January 27, 2000) (same); *Horvath v. Office of Personnel Management*, Appeal No. 01956761 (October 25, 1996) (same); *Colantuoni v. Office of Personnel Management*, EEOC Request No. 05950136 (September 14, 1995) (no indication from the Commission's regulations that an employee or applicant of a federal agency who is negatively affected by an action taken by another agency lacks standing to file his complaint against the particular agency which has taken the discriminatory action by which he is allegedly harmed).

Moreover, although Plaintiff was not officially employed by State, he reported directly to the Ambassadors of Saudi Arabia and Yemen, who are State employees. *See* JA 107 and 109, letters from Secretary Vilsack to Ambassadors Rundell and Seche stating that Appellant would be reporting directly to them and would be a member of their staffs. Thus, Plaintiff's status with respect to State is similar to that of an independent contractor. Independent contractors have been permitted to bring Title VII claims against the federal government. *Harris v. Attorney General of the United States*, 657 F. Supp. 1 (D.D.C. 2009).

## III.    Appellant Complied with the Administrative Time Limits for Contacting State's EEO Office

As alleged in his Complaint, Appellant did not learn that State Department employees Bryan and Seche recommended to USDA that Appellant be removed as Director for the Yemen Agricultural Trade Office until he received their affidavits

22

on February 21, 2013.  JA 6, Compl. ¶ 61-64.  Appellant timely contacted State's

EEO office on April 7, 2013.  JA 6, Compl. ¶ 68.

State has not presented any evidence that Appellant was aware of the

statements made by Bryan and Seche prior to February 21, 2013.  The fact that

Appellant was previously considering filing an EEO complaint regarding the

actions of another State employee does not make his current action untimely.

## CONCLUSION

Based on the foregoing, Appellant respectfully requests that this Honorable

Court reverse the final judgment of the District Court and deny Appellees' motion

for summary judgment.

Respectfully submitted,

/s/ Alan Lescht
ALAN LESCHT & ASSOCIATES, P.C.
Alan Lescht, Esq.
1050 17th Street, N.W., Suite 400
Washington, D.C.  20036
202-463-6036
Counsel for Appellant

23

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[ X ] this brief contains [*6,239*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[      ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

[      ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: <u>July 6, 2015     </u>              <u>/s/ Alan Lescht                    </u>
                                                        *Counsel for Appellant*

24

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 6th day of July, 2015, I caused this Brief of

Appellant and Joint Appendix to be filed electronically with the Clerk of the Court

using the CM/ECF System, which will send notice of such filing to the following

registered CM/ECF users:

> R. Craig Lawrence
> Damon Taaffe
> Office of the U.S. Attorney
> 555 4th Street, N.W.
> Washington, DC  20530
> (202) 252-2500
>
> *Counsel for Appellees*

I further certify that on this 6th day of July, 2015, I caused the required

copies of the Brief of Appellant and Joint Appendix to be hand filed with the Clerk

of the Court.

> /s/ Alan Lescht
> *Counsel for Appellant*